**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TIMOTHY FONSECA, | Case No. 1:26-cv-01024 JLT CDB |
| Plaintiff, | ORDER GRANTING MOTION TO REMAND |
| v. | (Doc. 13) |
| AMAZON LLC, et al., | |
| Defendants. | |

Timothy Fonseca alleges he was injured at work at an Amazon fulfillment center, then discriminated against, harassed, and ultimately fired in retaliation for taking medical leave, all in violation of California law.  Amazon removed the case to this Court based in part on its allegation that Fonseca's claims against its individual employees—both allegedly California residents— were "sham" claims, i.e., that these employees were "fraudulently" joined in an effort to avoid federal court.  Fonseca moves to remand. (Doc. 13.)  That motion is **GRANTED.**  Amazon has not carried its "heavy burden" to show that the claims against the individual employees are a sham under the fraudulent joinder doctrine.  *Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (quoting *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)).

/////

1

## BACKGROUND

The Court must rely at this stage on Fonseca's allegations, without assessing their truth. *See Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 549 (9th Cir. 2018). He alleges he worked in an Amazon fulfillment center until his termination in 2023. (Doc. 1 at 29–31.) He began feeling pain in his hand in May of that year. (*Id.* at 30.) His doctor diagnosed him with carpal tunnel syndrome and referred him to a neurologist. (*Id.*) He sustained a different injury at work the very next month, when a stack of containers fell from a pallet onto his foot. (*Id.*) He was taken to a first aid station in a wheelchair. (*Id.*) There, he alleges that other Amazon employees or managers pressured him into waiving his rights rather than treating his injuries and stopping his pain, and he claims that they refused to allow him to go to his own doctors for treatment. (*Id.*)

Fonseca could not walk. (*Id.* at 31.) He took a leave of absence to recover from his injuries. (*Id.* at 30–31.) While he was out, he alleges that he completed all of the necessary leave paperwork and complied with the company's procedures, but that the company withheld and delayed its approval, demanded further documentation, and set unrealistic deadlines. (*Id.*) He was terminated before he returned to work. (*Id.*)

Fonseca filed this lawsuit in state court against Amazon, several related companies, and two individual employees. (*See id.* at 27–28.) He asserts a variety of claims, all under California law, including wrongful termination, discrimination, harassment, retaliation, and intentional infliction of emotional distress, among several others. (*See id.* at 52.) Amazon removed the case to this court based on its allegations that the parties were completely diverse, that the individual employees were "sham" defendants whose citizenship was irrelevant for purposes of the diversity jurisdiction statute, and that more than $75,000 was in controversy. (*See id.* at 1–20.) Fonseca now moves to remand the case to state court. (Doc. 13) Amazon opposes his motion. (Doc. 15.)

## DISCUSSION

A defendant can remove a case to federal court if the federal court would have had original jurisdiction. 28 U.S.C. § 1441(a). The federal diversity jurisdiction statute gives federal district courts original jurisdiction over cases in which the amount in controversy is greater than

$75,000 and the citizenship of each plaintiff differs from the citizenship of each defendant, i.e., when there is "complete diversity." *Grancare*, 889 F.3d at 548 (citing 28 U.S.C. § 1332(a)(1)). "In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Id.*

One way a removing defendant can show that a non-diverse defendant has been fraudulently joined is by proving that the person "cannot be liable on any theory." *Id.* (quoting *Ritchey*, 139 F.3d at 1318). This is a "'heavy burden,' since there is a 'general presumption against finding fraudulent joinder.'" *Id.* (alteration omitted) (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009)). "[I]if there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Id.* (quoting *Hunter*, 582 F.3d at 1044).

This standard "shares some similarities" with the standard that governs motions to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), but they "are not equivalent." *Id.* at 549. "A claim against a defendant may fail under Rule 12(b)(6), but that defendant has not necessarily been fraudulently joined." *Id.* at 549. Arguments that "go to the sufficiency of the complaint, rather than to the possible viability of the [plaintiffs'] claims" against the non-diverse defendant "do not establish fraudulent joinder." *Id.* at 552. For example, if a plaintiff could potentially amend the complaint to assert a viable claim against the non-diverse defendant, then that defendant was not fraudulently joined. *See id.* at 550.

It is at least "possible" that Fonseca could state a claim for intentional infliction of emotional distress, or a similar claim, against one or both of the individual employees he has sued. As summarized above, he alleges that Amazon's employees pressured him to waive his rights rather than treating his injury while he was waiting in the first aid center, then placed unrealistic deadlines and obstacles in his way while he was on leave. Even if it is not possible to infer that the individual employees' actions were "intentional" or beyond the scope of their work based on Fonseca's current allegations, which are quite sparse, it is likely that he could add new or more specific allegations about who did what and in what circumstances. (*See* Doc 13 at 22

(requesting permission to add more factual allegations about the employees actions).)  It is quite possible that if he did so, he could pursue a viable claim for an outrageous and thus culpable infliction of emotional distress under state law, if not others as well.  *See, e.g.*, *Moore v. Walmart, Inc.*, No. 24-01105, 2024 WL 4164604, at *2 (E.D. Cal. Sept. 12, 2024) (rejecting fraudulent joinder allegations based on the possibility of amendments to emotional distress claims in a similar case of alleged employment discrimination); *Carrick v. Peloton Interactive, Inc.*, No. 24-00212, 2024 WL 3378332, at *4 (N.D. Cal. July 10, 2024) (same).

Amazon's arguments to the contrary demonstrate at most that Fonseca's current allegations would fall short of the standard that this Court would employ in response to a motion under Rules 8 and 12(b)(6).  (*See* Doc. 15 at 13.)  "A standard that equates fraudulent joinder with Rule 12(b)(6) conflates a jurisdictional inquiry with an adjudication on the merits."  *Grancare*, 889 F.3d at 549.  "Because the purpose of the fraudulent joinder doctrine is to allow a determination whether the district court has subject matter jurisdiction, the standard is similar to the 'wholly insubstantial and frivolous' standard for dismissing claims under Rule 12(b)(1) for lack of federal question jurisdiction."  *Id.*  Amazon has not demonstrated that an emotion distress claim is "wholly insubstantial and frivolous" in this case; it has not demonstrated that Fonseca "could not possibly recover against the party whose joinder is questioned."  *Nasrawi v. Buck Consultants, LLC*, 713 F. Supp. 2d 1080, 1084 (E.D. Cal. 2010) (citing *Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1426 (9th Cir. 1989)).

## CONCLUSION

"A 'plaintiff need only have one potentially valid claim against a non-diverse defendant.'" *Moore*, 2024 WL 4164604, at *3 (quoting *Knutson v. Allis-Chalmers Corp.*, 358 F. Supp. 2d 983, 993 (D. Nev. 2005)).  The motion to remand (Doc. 13) is therefore **GRANTED**.  This action is **REMANDED** to the Superior Court of the State of California in and for the County of Kern.

///

///

///

///

The court **DENIES** Fonseca's request for an award of costs and fees under 28 U.S.C. § 1447(c). *See Grancare*, 889 F.3d at 552 ("Absent unusual circumstances, a court may award costs and attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.").

IT IS SO ORDERED.

Dated:   **April 21, 2026**

UNITED STATES DISTRICT JUDGE